138 A.3d 610

**ANGINO & ROVNER, Petitioner**

v.

**JEFFREY R. LESSIN & ASSOCIATES P.C. and Monsour Zarreii a/k/a Michael Zarreii, Respondents.**

Supreme Court of Pennsylvania.

June 13, 2016.

## ORDER

PER CURIAM.

**AND NOW,** this 13th day of June, 2016, the Petition for Allowance of Appeal is **GRANTED LIMITED** TO the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, as stated by petitioner, are:

a. Did the trial court err in granting summary judgment in favor of Mr. Zarreii and denying summary judgment to Angino & Rovner, P.C. where the facts are undisputed that Mr. Zarreii, an adult, knowingly and voluntarily entered into a contingent fee agreement with Angino & Rovner, P.C. that required the payment of a 20% fee if Mr. Zarreii discharged the Angino & Rovner Law Firm and secured other counsel, particularly under circumstances where the Angino & Rovner Law Firm had prepared the underinsured motorist case completely to the point of selecting arbitrators and awaiting an arbitration hearing.

b. Are attorneys prohibited per se from including a reasonable fee recovery provision in contingent fee agreements that governs the termination of the attorney-client relations prior to the occurrence of the contingency.

c. Are discharged attorneys entitled only to the equitable remedy of *quantum meruit* for services rendered to former clients.

d. Is the *quantum meruit* equitable remedy for services rendered to former clients exclusive where a termination provision is included in a contingent fee agreement, and that provision is not challenged and established to be either excessive or unconscionable?